Merrigan, J.
This is an expedited appeal pursuant to Dist./Mun. Cts. R. A D. A, Rule 8A[2]
The plaintiff Insurance Marketing Agencies, Inc., brought suit in the Worcester District Court against Tudor Enterprises Incorporated, and Fevronia Manoloules, individually, and as trustee of Emman Realty Trust, and as trustee of Belmont Street Realty (the insured) seeking payment for insurance premiums for various commercial properties owned by the defendants.[3]
At a trial in the Worcester District Court before a District Court judge, the judge at the conclusion of the plaintiffs evidence, ostensibly on the basis of Mass. R. Civ. R, Rule 41(b), dismissed the plaintiffs complaint. The judge made the following written finding:
Over a period of years, the Plaintiff caused to be issued various policies of insurance, naming various business entities owned or controlled by the defendant Fevronia Manoloules. Earned premiums on those policies approached forty thousand dollars ($40,000.00) as the policies were issuedj,] sums were paid to the Plaintiff and promissory notes were executed and delivered in satisfaction of the various insureds’ obligations to pay the premiums for the several policies. The Plaintiff received the proceeds of the various notes. The Defendant and/or the named insured did not make payments on the notes.
The judge ruled, “as a matter of law, the plaintiff is owed nothing on a theory of Third-Party endorsement,” and ordered dismissal of the plaintiffs complaint. The plaintiff filed a motion to alter or amend the judgment and for a new trial. The judge granted the plaintiffs motion and allowed the plaintiff to amend its complaint to allege additional facts. In the amended complaint, the plaintiff fully explained that it never received payment for the premiums either directly from the defendants or as a result of its assignment to Lloyds Credit. To cover all bases, the amended complaint contained, as an exhibit, a copy of a recent written assignment from Lloyds Credit to the plaintiff of any interest it had in the original financing agreements. Nevertheless, and despite the fact that the defendants never claimed *61 payment as a defense or disputed that the amounts sought by the plaintiff were outstanding and owed, the judge, upon motion of the defendants, dismissed the amended complaint. In so doing, the judge noted that he had previously concluded at the trial, that “the premiums had been paid [to the plaintiff] by the execution and delivery of promissory notes payable to the plaintiff, which notes had been assigned by the plaintiff to the financing organization” (emphasis added).
The trial judge’s ruling, in combination with the record and the appellate argument of the plaintiff, indicates that he believed that the financing agreements entered into between the plaintiff and the defendant meant that the plaintiff had been paid in full for the premiums due the plaintiff for the insurance policies sold to the defendants.
In fact, the record reveals the following: Insurance Marketing sold insurance to the defendant insureds. The insureds financed the premiums with Insurance Marketing who paid the carrier company from its own funds. Insurance Marketing contracted with Lloyds Credit, an independent entity, to operate and administer the finance agreement between Insurance Marketing and the defendants. Lloyds Credit, as a result of the assignment by Insurance Marketing to Lloyds Credit, had a security interest in the financing agreement between Insurance Marketing and the defendants. The purpose of the assignment was to provide collateral to Lloyds Credit to secure the obligations of Insurance Marketing under its agreement with Lloyds Credit whereby Lloyds Credit administered the financing between Insurance Marketing and the defendants.
The court must look to “the substance of the transaction,” and not the form of the agreement to determine the legal rights of the parties. Heller Financial v. Insurance Company of America, 410 Mass. 400, 403 (1991). It is the actual agreement and intent of the parties that is dispositive, and an assignment does not, as a matter of law, discharge a party’s indebtedness on a note. New England Allbank for Savings v. Rouleau, 28 Mass. App. Ct. 135, 139 (1989) (“[biased upon the language of the assignment and the intent of the parties... in executing it... the assignment of the note was not a full discharge of ... [the] indebtedness on [the] unpaid notes.”).
In this case, the judge erroneously found that Insurance Marketing had been paid for the premiums and therefore, had no claim. From the record in this case, there were no facts on which to base such a finding. Moreover, the record demonstrates that this was not in fact the case. Insurance Marketing had merely assigned the notes to Lloyds Credit as collateral for its agreement with Lloyds Credit to service administratively the financing between Insurance Marketing and the defendants. The finding by the trial judge that the assignment constituted actual payment of the premiums by the defendants to Insurance Marketing was clearly erroneous.
Accordingly, we reverse the findings and order of the District Court, and remand this case to the trial court for a new trial before a different judge.

 The defendants did not file a brief.

 One of the properties was the Tudor Motor Inn in Shrewsbury and the other was the Lobster Shack in Northboro.